CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Estrada**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **US Bank, N.A.**; and Does 1-10, | |
| Defendants. | |

Plaintiff Jose Estrada complains of Defendants US Bank, N.A.; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He drives a van with an electric ramp and uses portable hand controls.

2. Defendant US Bank, N.A. owned the US Bank located at or about 3645 E. Imperial Hwy., Lynwood, California, in October 2017.

3. Defendant US Bank, N.A. owns the US Bank ("Bank") located at or about

1

Complaint

1  3645 E. Imperial Hwy., Lynwood, California, currently.

2  4.   Plaintiff does not know the true names of Defendants, their business
3  capacities, their ownership connection to the property and business, or their relative
4  responsibilities in causing the access violations herein complained of, and alleges a
5  joint venture and common enterprise by all such Defendants. Plaintiff is informed
6  and believes that each of the Defendants herein, including Does 1 through 10,
7  inclusive, is responsible in some capacity for the events herein alleged, or is a
8  necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend
9  when the true names, capacities, connections, and responsibilities of the Defendants
10  and Does 1 through 10, inclusive, are ascertained.

11

12  **JURISDICTION & VENUE:**

13  5.   This Court has subject matter jurisdiction over this action pursuant to 28
14  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
15  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

16  6.   Pursuant to supplemental jurisdiction, an attendant and related cause of
17  action, arising from the same nucleus of operative facts and arising out of the same
18  transactions, is also brought under California's Unruh Civil Rights Act, which act
19  expressly incorporates the Americans with Disabilities Act.

20  7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded
21  on the fact that the real property which is the subject of this action is located in this
22  district and that Plaintiff's cause of action arose in this district.

23

24  **FACTUAL ALLEGATIONS:**

25  8.   Plaintiff went to the Bank in October 2017 to cash a check.

26  9.   The Bank is a facility open to the public, a place of public accommodation,
27  and a business establishment.

28  10. Transaction counters are one of the facilities, privileges and advantages

Complaint

offered by Defendants to patrons of the Bank.

11.  At the Bank, there are a number of service counters for surface transactions between the bank tellers and the customers. Although there is one lowered teller window, where disabled customers can theoretically conduct business with banking personnel, this lowered section of the counter was not made available when Plaintiff visited the bank.

12.  Instead, even though Plaintiff wanted to use the lowered counter, and even though plaintiff asked to be helped at the lowered counter, an employee of the bank did not help him there. Rather, the employee forced the Plaintiff to use the higher counter, which was too high.

13.  Because the defendants do not have a policy of providing assistance to disabled customers at the lowered counter, the plaintiff was discriminated on the day of his visit.

14.  Plaintiff personally encountered this barrier.

15.  This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

16.  Plaintiff would like to return and patronize the Bank but will be deterred from visiting until the Defendants cure the violations.

17.  The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18.  The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19.  Plaintiff is and has been deterred from returning and patronizing the Bank because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless,

Complaint

return to assess ongoing compliance with the ADA and will return to patronize the Bank as a customer once the barriers are removed.

20.  Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

21.  Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

22.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23.  Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a.  A failure to make reasonable modifications in policies, practices, or

4

Complaint

procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. Pursuant to section 7.2 of the ADAAG, in areas used for transactions that may not have a cash register but at which goods or services are sold or distributed including, but not limited to, ticketing counters, teller stations, registration counters in transient lodging facilities, information counters, box office counters and library check-out areas, either:

(i) a portion of the main counter which is a minimum of 36 inches in length shall be provided with a maximum height of 36 inches; or

(ii) an auxiliary counter with a maximum height of 36 inches in close proximity to the main counter shall be provided; or

(iii) equivalent facilitation shall be provided (e.g., at a hotel registration counter, equivalent facilitation might consist of: (1) provision of a folding shelf attached to the main counter on which an individual with a disability can write,

Complaint

and (2) use of the space on the side of the counter or at the concierge desk, for handing materials back and forth).

25.  Here, even though Defendants have a lowered transaction counter, they failed to provide the lowered transaction counter for Plaintiff to use for his banking transaction on the day he visited.

26.  Instead, Plaintiff was directed to use the higher transaction counters, which are not suitable for disabled customers who need a lowered transaction counter to conduct banking business. It is not enough to have a lowered transaction counter if the defendants do not use the counter to conduct business with those that the counter was meant for. It was as though the lowered counter did not exist because Plaintiff was forced to use a transaction counter meant for the general public.

27.  A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

28.  Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

29.  Given its location and options, plaintiff will continue to desire to patronize the Bank but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

30.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31.  Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

Complaint

32. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: January 3, 2018              CENTER FOR DISABILITY ACCESS

By: _____ _Isabel P. M~_ _____

Isabel Masanque, Esq.
Attorney for Plaintiff

Complaint